IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| In re:<br><br>**RORY SMITH**,<br><br>    *Debtor*. | Case No.:   Case No.: 14-32910<br>Chapter:   7 |
|---|---|
| **VALERIE MALISSIA VEAZY LOUCKS**, and<br>**AMANDA VICTORIA WOODHAM**,<br><br>    *Plaintiffs / Creditors*,<br><br>v.<br><br>**RORY SMITH**,<br><br>    *Defendant / Debtor*. | Adversary Proceeding: _____ |

## COMPLAINT

**COME NOW** Plaintiffs, Valerie Malissia Veazy Loucks ("Loucks") and Amanda Victoria Woodham ("Woodham"), by and through the undersigned counsel, and complain as follows:

### JURISDICTION

1. On October 24, 2014, Debtor filed a Voluntary Petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Alabama. Simultaneously, within this Court, Defendant filed for Chapter 7 bankruptcy protection on behalf of three of his business, to

wit: Restaurant Help, Inc., Service Solutions, Inc., and Sunrise USA, Inc.

2. As of the date of the filing of this Complaint, Defendant has not been granted a discharge in the underlying bankruptcy case.

3. Pursuant to the Order of this Court dated February 12, 2015 (ECF Doc. 75), the filing of this Complaint is timely.

4. Within this Complaint, Plaintiffs object to the Defendant's discharge under 11 U.S.C. § 727(a) and seek a determination that the judgment debt owed to Plaintiffs is not dischargeable under 11 U.S.C. § 523(c).

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 523 and 727.

6. This case constitutes a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

7. Plaintiffs, Valerie Malissia Veazy Loucks and Amanda Victoria Woodham, are individuals and judgment creditors of Defendant pursuant to a Default Judgment entered in favor of Plaintiffs and against Defendant by the United States District Court for the Middle District of Alabama.

8. Defendant, Rory Smith, is an individual, is a debtor in the underlying bankruptcy case, and is a judgment debtor of Plaintiffs.

## PROCEDURAL HISTORY

9. On April 3, 2012, Plaintiffs initiated a Complaint against Shorest, LLC ("Shorest") and RHI, Inc., d/b/a Shoney's of Clanton ("RHI"), in Civil Action 2:12-cv-304-WHA before

the United States District Court for the Middle District of Alabama ("USDC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and related state law claims ("Title VII Suit").

10. The trial of the Title VII Suit was originally set for May 13, 2013.

11. On May 9, 2013, Shorest filed a Suggestion of Bankruptcy thus staying the civil trial.

12. Plaintiffs proceeded against RHI and the trial of the matters within the Title VII Suit was set for October 28, 2013.

13. On October 1, 2013, RHI filed for bankruptcy protection.

14. The USDC dismissed the claims within the Title VII Suit without prejudice to the right of any party to petition to reinstate the action upon the lifting of the bankruptcy court automatic stay.

15. RHI's Chapter 7 bankruptcy case was dismissed because a representative of the debtor failed to appear at one or more Section 341 hearing(s).

16. Plaintiffs filed a motion to reinstate the Title VII Suit with the claims therein and for leave to amend their Complaint arguing that, immediately before RHI filed for bankruptcy protection, RHI ceased operating the Shoney's Restaurant, and Service Solutions, Inc. ("Service Solutions") assumed such operations.

17. The USDC granted Plaintiffs leave to amend their Complaint.

18. On February 19, 2014, Plaintiffs filed their Second Amended Complaint.

19. The USDC entered a Default Judgment against the defendants within the Title VII Suit, which included the defendant herein this proceeding, as to the issue of liability on June 9, 2014.

20. The defendants within the Title VII suit, including Defendant herein this suit, moved to set aside the Default Judgment, which was denied by the USDC.

21. The Title VII Suit was set for a determination of damages on November 4, 2014.

22. On October 25, 2014, Defendant, along with three companies owned and operated by Defendant (RHI, Service Solutions, and Sunrise), filed for bankruptcy protection under Chapter 7.

**FACTS**

23. Plaintiff Woodham began employment as a cashier at a company owned and operated by Defendant in 1999. Subsequently, Woodham was moved to the position of a server. Woodham worked for this Defendant-owned company, at various times, as a server and two times as a manager, until she resigned in June of 2010. Woodham returned to work three weeks later and again worked as a server until she resigned in July of 2012. Woodham's resignation was caused by the hostile work environment and retaliation experienced after she filed a Charge of Discrimination ("COD") with the Equal Employment Opportunity Commission ("EEOC").

24. Within her COD and the Title VII Suit, Plaintiff Woodham alleges: that John Pittman, a district manager for the company owned and operated by Defendant, frequently touched Woodham's back, neck, and shoulders in a sexual manner, and that Woodham did not welcome or invite such touching; that Jeff Stroud, a night manager for the company owned and operated by Defendant, and James Jordan, a cook at the same company, repeatedly harassed Woodham because of her gender; that a co-worker at the same company, Jennifer Songer, frequently touched and hugged Woodham while making

sexual comments about each of their bodies; that Songer touched Woodham on her side, shoulder and buttocks; that Woodham reported this unwelcome touching to her supervisor, Carla Frink, and to Stephanie Anello, the store manager; and, that despite Woodham's complaints to management, the sexual harassment continued.

25. Plaintiff Loucks began employment at a company owned and operated by Defendant on August 5, 2009 and continued such employment until September of 2013, when Defendant closed that particular company and reopened the following week under a different name, i.e. Service Solutions.

26. Within her COD and the Title VII Suit, Plaintiff Loucks alleges that: she was sexually harassed by John Pittman, a night manager for the company owned and operated by Defendant, by Jeff Stroud, a night manager at the same company, James Jordan, a cook at the same company, and Jennifer Songer, a waitress; that the sexual harassment by these individuals included the touching of Loucks' body in the absence of consent and sexually explicit comments; and that, despite Loucks' complaints to management, the sexual harassment continued.

27. On August 1, 2011, Plaintiffs filed individual CODs alleging harassment and/or retaliation against Defendant and his companies with the EEOC. Therein, Plaintiffs alleged that they were subjected to adverse treatment in the workplace because of their gender, specifically with such adverse treatment being in the form of unwelcome, severe and pervasive sexual harassment.

28. Plaintiffs allege that they were subjected to an ongoing sexually hostile work environment with harassment in the form of unlawful touching, sexually inappropriate language,

requests for sexual favors, and inappropriate sexual comments that demeaned, ridiculed and embarrassed Plaintiffs, all because of their gender.  Plaintiffs also allege that the workplace was sexually hostile to all female employees, that there was no sexual harassment policy or reporting procedure for female employees, and that the employees were not trained on sexual harassment issues. Plaintiffs allege that the lack of policy and training at Defendant's companies fostered and encouraged this sexually hostile environment. Plaintiffs complained of the sexual harassment to management personnel and to Defendant, to no avail.

29. After Plaintiffs complained of the work environment to managers, to Defendant, and then to the EEOC, the discriminatory treatment escalated to the extent that Plaintiffs were retaliated against.  The work environment became further demeaning and intolerable due to the unlawful retaliation and continued sexual harassment.

30. Within their Title VII Suit, Plaintiffs allege that, as a result of the discrimination, sexual harassment and retaliation, Plaintiffs became physically ill and experienced anxiety attacks, depression, mental distress, stress, and loss of sleep.  Plaintiffs further allege that they lost wages and accompanying benefits.

31. As a result of retaliation that occurred after the Title VII Suit was filed, Plaintiff Loucks filed a second COD, No. 420-2013-02982, with the EEOC. Loucks received a Dismissal and Notice of Rights dated April 25, 2014 and then initiated a second lawsuit in the Northern District of Alabama, No. 2:14-cv-01428-LSC.  The second lawsuit was filed on July 24, 2014. Within a Motion to Dismiss, the defendants in that lawsuit, which included the Defendant in this matter, argued that the second lawsuit amounted to duplicative

litigation because the facts and claims in the second lawsuit were encompassed in the first lawsuit. The United States District Court in the Northern District of Alabama determined that the facts and the claims were not duplicative and, while venue was proper in the Northern District, that Court exercised its discretion and transferred the case to the Middle District.

32. Within the Title VII Suit, Plaintiffs present claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and the laws of the State of Alabama. The Title VII claims include, sexual harassment, both quid pro quo and hostile work environment, gender discrimination and retaliation. Plaintiffs' state law claims include assault, battery, invasion of privacy, intentional infliction of emotional distress, negligent and wanton hiring, training, supervision and retention.

33. The United States District Court entered a default judgment in favor of Plaintiffs and against the defendants therein, which include Defendant in this matter, on the issue of liability, thus adjudicating Defendant's liability to Plaintiffs on each and every claim identified in the immediately preceding enumerated paragraph.

34. As noted herein above, Defendant failed to undertake any action whatsoever to protect either Plaintiff from the sexually hostile work environment and from the retaliation that commenced immediately after each Plaintiff opposed such hostile working conditions. In light of Defendant's knowledge of the severity and pervasiveness of Defendant's omissions to act, the same constitution malicious and willful conduct which caused harm and injury to Plaintiffs.

35. As noted herein above, Defendant engaged in a series of acts to interfere with and thwart

Case 15-03031    Doc 1    Filed 05/04/15    Entered 05/04/15 17:31:42    Desc Main
Document      Page 7 of 10

Plaintiffs' ability to seek redress of the claims within their Title VII Suit by, to wit: filing for Chapter 7 bankruptcy protection to stop the Title VII Suit when Shorest was a defendant, with said filing on the eve of trial; filing for Chapter 7 bankruptcy protection to stop the Title VII Suit when RHI was a defendant, with said filing on the eve of trial; filing for Chapter 7 bankruptcy protection (individually and on behalf of three companies owned and operated by Defendant) to stop the Title VII Suit, with said filing after the entry of Default Judgment and on the eve of the trial to determine damages; and filing Defendant's Petition, under penalty of perjury, while intentionally and willfully failing to accurately and truthfully disclose his assets, liabilities and other requested information.

36. Notably, within Defendant's Petition as filed on October 24, 2014, the majority of the documents included therewith are in blank form or absent any of the required disclosures except, however, Schedule F (Creditors Holding Unsecured Nonpriority Claims) which identifies 14 creditors with each and every debt being related to litigation (some judgments) against Defendant.

37. As of the present time, Plaintiff's Motion for Relief from the Automatic Stay to liquidate the Default Judgment against Defendant, Sunrise, Restaurant Help and Service Solutions is pending for resolution before this Honorable Court.

**COUNT ONE - 11 U.S.C. §§ 523(a)(6) and 523(c)**

38. Plaintiffs incorporate herein each of the foregoing allegations.

39. 11 U.S.C. § 523(a)(6) states, in pertinent part, that a "discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property

Case 15-03031    Doc 1    Filed 05/04/15    Entered 05/04/15 17:31:42    Desc Main
Document      Page 8 of 10

of another entity."

40. 11 U.S.C. § 523(c)(1) states, in pertinent part, that "except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."

41. Defendant intentionally, willfully and maliciously injured Plaintiffs by, to wit: failing to undertake any action whatsoever to stop the sexual harassment and retaliation imposed against Plaintiffs, despite the fact that Defendant had knowledge of such harassment and relation; and by the multiple bad faith bankruptcy filings which were instituted at the behest of Defendant for the purpose of interfering with Plaintiffs' ability to seek redress of the claims within their Title VII Suit.

42. The judgment debts owed by Defendant to Plaintiffs are non-dischargeable as the same are debts for willful and malicious injury caused by Defendant within the meaning of 11 U.S.C. § 523(a)(6).

## COUNT TWO - 11 U.S.C. § 727(a)(4)(A)

43. Plaintiffs incorporate herein each of the foregoing allegations.

44. 11 U.S.C. § 727(a)(4)(A) states, in pertinent party, that "the court shall grant the debtor a discharge, unless the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."

45. As stated herein above, the schedules and submissions accompanying Defendant's

Petition of October 24, 2014 are inaccurate, incomplete, and untruthful in that the same fail to make the requisite disclosures.

46. By virtue of Defendant's false representations and omissions, and the oath Defendant took concerning the veracity of his submissions, Defendant's discharge should be denied under 11 U.S.C. § 727(a)(4)(A).

## PRAYER FOR RELIEF

Plaintiffs respectfully move this Honorable Court for the entry of a Judgment determining that the judgment debt (Default Judgment, pending liquidation) obtained by Plaintiffs against Defendant in the Title VII Suit is non-dischargeable under 11 U.S.C. § 523(a)(6) and 523(c), that Defendant's discharge is denied under 11 U.S.C. § 727(a)(4)(A), and granting such other and further relief to which Plaintiffs may be entitled.

**RESPECTFULLY SUBMITTED** this the 4th day of May, 2015.

/s/ Anthony B. Bush
Anthony Brian Bush, Esq.
The Bush Law Firm, LLC
Counsel for Plaintiffs
529 South Perry Street, Suite 22
Montgomery, Alabama 36104
(334) 263-7733   Phone
(334) 832-4390   Facsimile